IRA M. BARTON, Judge of Probate, *vs.* ABIJAH BIGELOW.

A testator bequeathed one moiety of the residue of his property to children of a deceased sister " and their heirs, to be equally divided amongst them, share and share alike, to them and their heirs forever "; and ordered the other moiety of the residue to remain in trust, the interest to be paid to another sister of the testator for life, and " the principal, upon her decease, to said children, share and share alike, to them and their respective heirs accordingly." *Held*, that said children took vested remainders in the second moiety, and that the share of one, who died before her to whom the interest was to be paid for life, was to be paid, on her decease, to such child's executor, and not to his child.

ACTION OF CONTRACT on a bond given to the judge of probate. The parties submitted the case to the decision of the court upon the following facts:

The will of Rebecca Maccarty, which was duly proved

30 *

contained the following bequest to the children of her deceased sister, Anna S. Wellington : " One moiety of all the rest and residue of all the property and estate of which I shall die possessed, I give and bequeath to the children of my said deceased sister, my nephews and nieces, and their heirs, to be equally divided amongst them, share and share alike, to them and their heirs forever. And the other moiety of the aforesaid residue of my said property and estate, I hereby order shall be and remain a fund in the hands of my executor during the life of my sister Elizabeth Smith, in trust that the interest thereof be paid annually to my said sister during her life, and to the day of her decease, and that, upon her decease, the principal be paid to my said nephews and nieces, the children of my late deceased sister, Anna Smith Wellington, and their heirs. And I hereby give and bequeath the interest of said moiety of my estate and property as aforesaid, to my said sister Elizabeth during her life, and the principal, upon her decease, to the children of my said deceased sister, share and share alike, to them and their respective heirs accordingly. Provided however, and my will in this particular farther is, that if my said sister Elizabeth Smith, after my decease, will give sufficient bonds, to the satisfaction of the judge of probate, that the principal of said moiety of my estate and property, the interest of which is hereby given and bequeathed to her, shall, upon her decease, be paid over to my said nephews and nieces, children of my said deceased sister to whom the said principal is hereby given and bequeathed, then my said executor, instead of retaining the same in his own hands in trust, may pay the same into the hands of the said Elizabeth Smith, and himself be discharged therefrom, and my said nephews and nieces shall have their demand upon the bond of the said Elizabeth and her estate and the sureties of the said Elizabeth therefor."

Anna Smith Wellington left nine children, who were all living when the testator died. Elizabeth Smith received from the executor the principal of said moiety, and placed it in the hands of the defendant, and, together with the defendant, gave the bond sued upon, conditioned to pay the interest to Elizabeth

Smith for life, and upon her decease to pay the principal " to the nephews and nieces of said Rebecca and their heirs, according to the true intent and meaning of said will." Elizabeth Smith received the interest from the defendant during her life, and has since died, leaving all the children of Anna S. Wellington still living, except William H. Wellington, who had died, leaving a minor daughter his only heir, now under guardianship. His administrator demanded of the defendant one ninth part of the principal sum held by the defendant as trustee, which the defendant refused to pay, believing that he ought to pay it to the guardian of the daughter; and this action was brought for the benefit of said administrator.

*C. Mason,* for the plaintiff.

*A. Bigelow, pro se,* cited *White* v. *Woodberry,* 9 Pick. 136; *Gulliver* v. *Poyntz,* 3 Wils. 142; *Smith* v. *Bell,* 6 Pet. 74; Bac. Ab. Legacies and Devises, I; *Richardson* v. *Wheatland,* 7 Met. 171; *Holm* v. *Low,* 4 Met. 190.

SHAW, C. J. The court are of opinion, that the bequest to the nephews, of the moiety given to Elizabeth Smith for life, was a vested remainder; that William, as one of those nephews, took a ninth part of it as a vested remainder; and when the time of distribution and payment arrived, by the decease of the tenant for life, the share became payable to the personal representative of William.

The gift, both of the moiety immediately payable, and the moiety payable after the decease of the sister, was to the children of a deceased sister. The number could not be enlarged by the birth of other children, they were all living at the decease of the testatrix, and they were as definitely described and identified as if they had been named. They took under this designation, by purchase as legatees, one half directly, the other half in remainder.

Much stress is laid, in the argument in favor of a contrary construction, on the circumstance that the intimated gift in remainder, after giving the interest for life to the sister, is to the nephews and nieces *and their heirs.* But the same phraseology, precisely, is used in the direct gift of a moiety to the nephews

and nieces and their heirs. Can it for a moment be contended that this direct gift, without the intervention of a trust, or any life estate, or any particular estate, is a gift to the first taker for life, with remainder to the heirs of the first taker? No authority, we think, would countenance such a construction. The phrase to " one and his heirs," being sometimes necessary to give an absolute estate in real property, and often used when not necessary, is not unfrequently used by conveyancers, perhaps without much consideration, to designate an absolute estate in contradistinction to an estate for life or years. Having used it in the first clause, which is clearly a direct and absolute bequest to the first takers, in their own right, we think it was used in the same manner in designating the remainder expectant on the termination of the life estate. The vesting of the remainder depended on no contingency; the event of the decease of Mrs. Smith merely fixed the time for payment.

Nor does it make any difference, that the direction in the first instance was to make this last moiety a fund in the hands of the executor, in trust to pay the interest to the sister during her life, and then the principal, that is, the entire fund, to the nephews and nieces " and their heirs," using the term as before, to distinguish an absolute from a particular estate. Even if the trust were held to continue till after the decease of the sister, so that the rights of these legatees would be, technically, equitable and not legal, they would come to the person who would take the legal rights. *White* v. *Woodberry*, 9 Pick. 136.

The cases cited in the learned argument for the defendant are those where the estate, real or personal, is in terms given to the first taker, for life only, and then, at his decease, to his heirs. Such a case shows the intent of the testator to be, that the first taker shall have only a life estate; and if no remainder is given, it remains, as a reversion, part of the estate of the devisor, and goes to his heirs, if not embraced in some residuary clause. But if it is given in terms, at the death of the first taker, to his heirs, then it comes within the rule in *Shelley's case*, which would make it a fee, or an absolute estate in the first taker; and the *St.* of 1791, *c.* 60, § 3, and Rev. Sts. *c.* 59, § 9, which in this state

modify and control, and to some extent reverse the rule in *Shelley's case*, and make it a life estate in the first taker, and a contingent remainder to his heirs; contingent, because *nemo est haeres viventis*, and the heirs of such life tenant cannot be ascertained till his death. But when it is an express gift to one for life, and at his decease to his heirs, it is not a gift to the first taker for life. The case of *Richardson* v. *Wheatland*, 7 Met. 169, was one where, by the terms of the will, the gift was to the daughter for life, then to her husband for life, and then to the heirs of both.

The case of *Smith* v. *Bell*, 6 Pet. 69, was one wheie indeed the testator, by an illiterate will, gave personal property to his wife, in general terms, " to and for her own use and benefit and disposal absolutely "; but it was immediately followed by this clause, " The remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin," the testator's son. This plainly reduced the gift to the wife to an estate for life by implication. That case is therefore consistent with the rule we adopt.

To the principle, that the bequest to the nephew, to take effect in possession upon the decease of the sister, was a vested remainder in the nephew, before the death of the sister, the late case of *Fay* v. *Sylvester*, 2 Gray, 171, is in point.

> *Judgment for the judge of probate for the whole penalty of the bond, to stand as a security for other parties; and execution to issue in favor of the administrator of the estate of William H. Wellington, for one ninth of the moiety in question.*